# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESSENIA LISSETH PINEDA VALLE, | Case No. 1:26-cv-02605-KES-EPG-HC |
| Petitioners, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering Petitioner's immediate release.

**I.**

**BACKGROUND**

Petitioner is a citizen of El Salvador who last entered the United States on or around October 24, 2023 with her two small children. On October 25, 2023, Petitioner and her children were released on recognizance. Petitioner filed an application for asylum on or about May 6, 2024. (ECF No. 1 at 5.[1]) For years Petitioner attended her required check-ins with U.S. Immigration and Customs Enforcement ("ICE"). On February 12, 2026, Petitioner was detained while attending her ICE check-in. (Id. at 6.)

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

On April 6, 2026, Petitioner filed a petition for writ of habeas corpus challenging her detention on statutory and due process grounds. (ECF No. 1 at 10–11.) On April 21, 2026, Respondents filed a response to the petition, and Petitioner filed a reply on April 27, 2026. (ECF Nos. 6, 7.)

## II.

### DISCUSSION

Respondents argue that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b), "ineligible for a bond hearing," and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." (ECF No. 6 at 2, 3.) These arguments have been rejected by this Court in other proceedings. Accordingly, the undersigned recommends granting the petition on Count 2 for the reasons stated in Clene C.D. v. Robbins, No. 1:25-cv-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); R.A.N.O. v. Wofford, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); Bilal A. v. Wofford, No. 1:25-cv-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); Elmer Joel M. C. v. Wofford, No. 1:25-cv-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); Omer G. G. v. Kaiser, No. 1:25-cv-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025); W.V.S.M. v. Wofford, No. 1:25-cv-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).[2]

Courts in this district have taken differing approaches to the relief granted to petitioners who have been released, subsequently re-detained, and denied bond hearings in violation of due process. In some cases, the immediate release of the petitioner has been ordered. See, e.g., Yurani Hortua v. Chestnut, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 (E.D. Cal. Dec. 9, 2025) (ordering immediate release of petitioner who had been released from immigration detention on parole, was arrested for theft but the case was resolved with community service and did not result in a conviction, and was re-detained at a routine six-month check-in); Carmen G.C., 2025 WL 3521304 (ordering immediate release of petitioner who allegedly violated

---

[2] In light of this conclusion, the Court declines to address Petitioner's statutory claim.

reporting requirements four times); Rocha Chavarria, 2025 WL 3533606 (ordering immediate release of petitioner who allegedly "incurred compliance violations" that were not identified and where respondents did not suggest the alleged violations were the reason for petitioner's re-detention).

In other cases, bond hearings have been ordered rather than immediate release. See, e.g., J.E.H.G., 2025 WL 3523108 (ordering bond hearing for petitioner who allegedly violated reporting requirements numerous times and was re-detained based on said violations); Paz Aguilera v. Albarran, No. 1:25-cv-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025) (ordering bond hearing for petitioner who allegedly violated reporting requirements one time and was re-detained based on said violation); Sharan S., 2025 WL 3167826 (ordering bond hearing for petitioner who allegedly violated reporting requirements eight times).

Here, Respondents note that "[s]ince 2023, Petitioner has had six violations of Alternative to Detention ("ATD") program[.]" (ECF No. 6 at 3.) Petitioner argues that "[e]ven if she had 'violated' the ATD (and Petitioner does not concede such, given the faulty nature of the monitoring software and the fact that she was not aware of any of these alleged 'violations'), she would be entitled to a pre-deprivation hearing to determine whether those violations were willful and whether they rise to the level of making her a flight risk." (ECF No. 7 at 2.) "While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination," and "Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case." Singh v. Bondi, No. 1:26-cv-02175-KES-EPG (HC), 2026 WL 805685, at *1 (E.D. Cal. Mar. 23, 2026).

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on Count 2.

2. Respondents be directed to immediately release Petitioner from custody with the same conditions she was subject to immediately prior to her re-detention.

3. Respondents be enjoined and restrained from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 4, 2026**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

4